**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

Hilda L. Solis,

        Plaintiff,

vs.                                            Case No.  3:11-cv-248-J-34MCR

J.W. Buckholz Traffic Engineering, Inc. et al.,

        Defendants.
_____/

## **REPORT AND RECOMMENDATION[1]**

**THIS CAUSE** is before the Court on Plaintiff's Renewed Motion for Default Judgment (Doc. 51) filed on November 19, 2012.  In the Motion, Plaintiff seeks the entry of final default judgment against Defendant Burita Allen Hillyard.  To date, Defendant has failed to file a response, and the time for doing so has passed.  Accordingly, the Motion is ripe for review.

**I.**    **BACKGROUND**

On March 15, 2011, Plaintiff filed a Complaint seeking to "enjoin acts and practices which violate the provisions of Title I of [the Employee Retirement Income Security Act ("ERISA")], and to obtain other appropriate relief to redress violations and enforce the provisions of that Title pursuant to Section 502(a)(5) of ERISA, 29 U.S.C. §

---

[1] Any party may file and serve specific, written objections hereto within FOURTEEN (14) DAYS after service of this Report and Recommendation.  Failure to do so shall bar the party from a de novo determination by a district judge of an issue covered herein and from attacking factual findings on appeal.  See 28 U.S.C. §636(b)(1); Rule 72(b), Fed.R.Civ.P.; and Local Rule 6.02(a), United States District Court for the Middle District of Florida.

1132(a)(5)."  (Docs. 1, 4).[2]  Plaintiff alleges that Defendant J.W. Buckholz Traffic Engineering, Inc. Profit Sharing Plan ("the Plan") is an employee benefit plan within the meaning of ERISA.  (Doc. 4, ¶ 3); see also 29 U.S.C. § 1002(3).  According to Plaintiff, Defendants Jeffrey William Buckholz ("Buckholz") and Burita Allen Hillyard ("Hillyard") acted as fiduciaries with respect to the Plan within the meaning of ERISA.  (Doc. 4, ¶¶ 4-5); see also 29 U.S.C. § 1002(21)(A).  In addition, Plaintiff asserts that Defendant J.W. Buckholz Traffic Engineering, Inc. ("BTE") was the plan sponsor and a fiduciary to the Plan.  (Doc. 4, ¶ 6).

In the Complaint, Plaintiff contends that Defendants allowed the Plan to make three imprudent loans resulting in a loss of interest and principal on the loans. (Doc. 4, ¶ 8).  Specifically, Plaintiff alleges that Defendants allowed the Plan to offer an unsecured loan of $25,000 from Plan assets to M. Lee Fagan, the attorney for BTE as well as a company owned by Hillyard.  Id.  According to Plaintiff, the second imprudent loan was an unsecured loan from Plan assets to a son of a BTE employee.  Id.  Plaintiff asserts that Defendants allowed the Plan to make a third loan to an employee of a company solely owned by Hillyard.  Id. Next, Plaintiff alleges that, from 2000 to 2005, Defendants allowed property owned by the Plan to be rented at less than the market rental rate at the time of the rental resulting in a loss of income to the Plan.  Id. ¶¶ 9-11.  Specifically, Plaintiff asserts that in 2000, the Plan rented the property at less than the market rate to

---

[2]   On March 21, 2011, Plaintiff filed an Amended Complaint to correct the spelling of Defendant Jeffrey William Buckholz's name throughout the Complaint.  (Doc. 4).

an employee of a company solely owned by Hillyard.  Id. ¶ 10.  Finally, Plaintiff contends that Hillyard wrote a check for $40,000 from the J.W. Buckholz Traffic checking account to the Plan for the 2002 Employer Contribution.  Id. ¶ 12.  According to Plaintiff, Hillyard then signed and endorsed the check for deposit into the account of a company solely owned by Hillyard.  Id.  Plaintiff maintains that Defendants failed to collect this 2002 Employer Contribution and it remains an outstanding liability owed to the Plan.  Id.  Plaintiff argues that the foregoing actions constitute various breaches of Defendants' fiduciary duties in violation of ERISA.  Id. ¶ 14.

On August 17, 2011, Plaintiff and Defendants Buckholz, BTE, and the Plan filed a Joint Motion to Approve Consent Judgment.  (Doc. 16).  The Court held a hearing on the matter on October 18, 2011, and following additional briefing, Plaintiff and the aforementioned Defendants filed a Renewed Joint Motion for Entry of Consent Order and Notice of Filing Revised Proposed Consent Order on November 28, 2011.  (Doc. 28).  On December 7, 2011, the Court entered an Order, granting, in part, and denying, in part, the Renewed Joint Motion, and directing the Clerk of the Court to enter the Court's Consent Judgment.  (Doc. 29).  Accordingly, the Clerk entered the Consent Judgment as to Plaintiff and Defendants Buckholz, BTE, and the Plan. (Doc. 30).

In light of the foregoing, the claims against Defendant Hillyard are the sole pending claims remaining in this action.  On April 17, 2011, Hillyard received a copy of the Complaint and executed a Waiver of the Service of Summons.  See (Doc. 5).  On May 31, 2011, the Court entered an Order granting all Defendants an extension of time to respond to the Complaint up to and including July 25, 2011.  (Doc. 9).  When Hillyard

failed to file a response to the Complaint, Plaintiff filed a Motion for Entry of Clerk's Default on October 4, 2011.  (Doc. 22).  The Clerk of the Court entered default against Hillyard on October 5, 2011.  (Doc. 23).

Plaintiff filed her first Motion for Default Judgment against Hillyard on April 25, 2012.  (Doc. 31).  On May 29, 2012, the Court denied Plaintiff's Motion for failure to provide appropriate evidentiary submissions and analysis in support of her requests.  The Court allowed Plaintiff until June 12, 2012 to file an amended motion.  (Doc. 36).  On August 28, 2012, Plaintiff filed an Amended Motion for Default Judgment.[3]  (Doc. 44).  On September 20, 2012, the undersigned entered a Report and Recommendation recommending the Honorable Marcia Morales Howard grant Plaintiff's Motion in part.  (Docs. 45, 49).[4]

On November 13, 2012, Judge Howard entered an Order directing the Court to terminate the undersigned's Report and Recommendation and denying Plaintiff's Motion without prejudice for failure to comply with the requirements of the Servicemembers Civil Relief Act ("SCRA").[5]  (Doc. 50).  On November 19, 2012, Plaintiff filed the instant

---

[3] Plaintiff was granted leave to file the instant motion beyond the June 12, 2012 deadline.  (Doc. 43).

[4] On October 4, 2012, Plaintiff filed a Motion for Clarification of this Court's Report and Recommendation (Doc. 45) entered on September 20, 2012.  (Doc. 46).  The undersigned granted Plaintiff's request, and the Amended Report and Recommendation is identical to the initial Report and Recommendation in all aspects but it gives the independent fiduciary specific instruction when terminating the benefit plan.

[5] Pursuant to § 521 of the SCRA, in any civil action in which a defendant fails to appear:

[T]he court, before entering judgment for the plaintiff, shall require the plaintiff to file

(continued...)

Renewed Motion for Default Judgment which satisfies the SCRA. (Doc. 51); see also (Docs. 51-3, ¶ 4; 51-4, ¶¶ 5, 6). Plaintiff again requests damages and injunctive relief against Hillyard. Id.

## II.   ANALYSIS

### A.   Whether Entry of a Final Judgment by Default is Appropriate

Federal Rule of Civil Procedure 55(a) states that "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by affidavit or otherwise," a default may be entered. Here, the Clerk of the Court entered default against Hillyard on October 5, 2011. (Doc. 23).

A party's default is deemed an admission of the plaintiffs well-pleaded allegations of fact. Buchanan v. Bowman, 820 F.2d 359, 361 (11th Cir. 1987); see also Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant, by his default, admits the plaintiffs well-pleaded allegations of fact, is concluded on those facts by the judgment, and is barred from contesting on appeal the

---

[5](...continued)
with the court an affidavit -
(A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
(B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521(b)(1). The Affidavit attached to Plaintiff's Motion contained no information regarding what efforts, if any, counsel made to determine the military status of Defendant Hillyard. Thus, Judge Howard found the Affidavit to be insufficient to satisfy the requirements of the SCRA.

facts thus established."). Therefore, the Court will review Plaintiff's allegations to determine if they are sufficient to justify Plaintiff's claims against Hillyard.

As addressed in the background section of this Report and Recommendation, Plaintiff alleges that Hillyard violated ERISA by causing or allowing the Plan assets to be used for company purposes and obligations rather than for the exclusive benefit of the Plan and the participants. See (Doc. 4). ERISA prohibits fiduciaries from self-dealing with respect to plan assets or allowing a plan to engage in transactions involving parties in interest. See 29 U.S.C. §§ 1104(a)(1)(A)(I), 1106(a)(1), (b). The statute requires fiduciaries to act loyally, for the exclusive purpose of the plan beneficiaries, and to act prudently in discharging their fiduciary obligations. See 29 U.S.C. § 1104(a)(1) (A), (B). Thus, the Court finds Plaintiff's allegations, which are deemed true as a matter of law, are sufficient to justify Plaintiff's ERISA claims against Defendant Hillyard.

### B.     Amount of Damages

Having found Plaintiff is entitled to a default judgment, the court then conducts an inquiry to ascertain the amount of damages. Arista Records. Inc. v. Beker Enter., Inc., 298 F. Supp. 2d 1310, 1311-12 (S.D. Fla. 2003). In making this determination, the court may rely upon affidavits or documentary evidence to establish the proper amount of damages. Int'l Painters & Allied Trades Indus. Pension Fund v. R.W. Amrine Drywall Co., 239 F. Supp. 2d 26 (D.D.C. 2002). As Plaintiff has established the amount of its damages through an affidavit (Doc. 51-3), the Court is able to establish the amount of the default judgment without the necessity for an evidentiary hearing. See Directv, Inc. v. Huynh, 318 F.Supp.2d 1122, 1129 (M.D. Ala. 2004) ("As a general rule, the court

may enter a default judgment awarding damages without a hearing only if the amount of damages is a liquidated sum, an amount capable of mathematical calculation, or an amount demonstrated by detailed affidavits."); see also Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1543-44 (11th Cir. 1985); Directv, Inc. v. Griffin, 290 F.Supp.2d 1340, 1343 (M.D. Fla. 2003).

Because Defendant Hillyard's actions have resulted in losses to the Plan, Plaintiff is entitled to recover on behalf of the Plan. Pursuant to ERISA Section 409(a), a fiduciary must restore to the Plan all losses that result from fiduciary breaches:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this title shall be personally liable to make good to such plan any losses to the plan resulting in each such breach ... and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

29 U.S.C. § 1109(a). Thus, based on the Affidavit of Employee Benefit Security Administration Investigator Imran Siddiqui, the undersigned recommends that Defendant Hillyard must restore $2,693.55, plus post-judgment interest. See (Doc. 51-3, ¶ 3(h); Doc. 51, ¶ 5). In addition, any participant interest Defendant Hillyard may have in any existing or future assets of the Plan shall be applied as an offset against the amounts that Plaintiff has alleged are due to the Plan, as authorized by ERISA § 206(d)(4), and the Plan document shall be deemed amended to permit the distribution and offset of Defendant Hillyard's participant interest.

### C.     Injunctive Relief

In addition to its request for damages, Plaintiff seeks injunctive relief. Specifically, Plaintiff requests that the Court enter an Order enjoining Hillyard from violating the provisions of Title I of ERISA, and from acting as a fiduciary, trustee, agent or representative in any capacity to any employee benefit plan, as defined by ERISA. Id.  However, in the Renewed Motion, Plaintiff makes no attempt to show that injunctive relief is appropriate under the circumstances of this case.  See id.; see also Solis v. Cooper, No. 1:10-cv-152-TS, 2011 WL 288961, at *2 (N.D. Ind. Jan. 25, 2011).  As such, Plaintiff's requests for injunctive relief should be denied.

In light of the foregoing, after due consideration, it is respectfully

**RECOMMENDED:**

Plaintiff's Renewed Motion for Default Judgment (Doc. 51) be **GRANTED in part and DENIED in part** as provided in the body of this Report and Recommendation.

**DONE AND ENTERED** in Chambers in Jacksonville, Florida this  6th  day of December, 2012.

_____
MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Counsel of Record

Burita Allen Hillyard
226 Deerwood Circle W
Middleburg, FL 32068